UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MAIDA'S BELTS AND BUCKLES, INC.,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | Civil Action No. _____ |
| **LASTING DESIGNS, LLC D/B/A MIADA'S** | § § § | |
| | § | **JURY TRIAL DEMANDED** |
| **Defendants.** | § | |

## ORIGINAL COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

This is an action for trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq*. ("Lanham Act"); and trademark infringement, unfair competition, and unjust enrichment under Texas common law. Plaintiff Maida's Belts and Buckles, Inc. ("Maida's" or "Plaintiff") respectfully brings this action to prevent further confusion and to protect its brand and its Maida's trademarks ("MAIDA'S mark") from further damage caused by the wrongful activities of Defendant Lasting Designs, LLC d/b/a Maida's ("Lasting Designs" or "Defendant").

## PARTIES

1. Plaintiff is a Texas corporation with a place of business at 5727 Westheimer Road, Suite K, Houston, Texas 77057.

2. Lasting Designs, LLC is believed to be limited liability Company organized under the laws of the State of Texas with a principle place of business located at 3729 Westheimer Road, Houston, Texas 77027. Defendant may be served through its registered agent for service of process, Camilla Maida, at 1249 Blalock Road, Suite H, Houston, Texas 77055.

1

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §1121, and 28 U.S.C. §§1331, 1338(a), 1338(b), and 1367. This Court has supplemental jurisdiction over Maida's Texas law claims pursuant to 28 U.S.C. §1367, because those claims are substantially related to Maida's federal Lanham Act claims.

4. This Court has personal jurisdiction over Defendant. Defendant has engaged in a continuous and systematic course of doing business in Texas, and a substantial portion of the activities complained of herein have occurred and continue to occur in this District. On information and belief, Defendant opened and operates a retail location in Houston, Harris County, Texas.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant has committed and continues to commit tortious acts (trademark infringement and unfair competition) in this judicial district, and substantial part of the events or omissions giving rise to the claims asserted herein occurred within this judicial district.

**THE MAIDA FAMILY HISTORY**

6. In 1906, John Laureto Maida began work repairing shoes in downtown Houston, Texas. John Laureto Maida became a cobbler, a true leather craftsman, with great skill and devotion to his craft. In a few short years, he opened "Maida & Cuccia Shoe Repair." Three generations later, John Laureto Maida's great grandson, Jason Maida (Plaintiff's principal), became a leather apprentice in the family business known today as the Houston Shoe Hospital. It was there that Jason Maida learned the craft of handmade custom products. In 1990, Jason Maida (Plaintiff's principal) opened "Maida's Belts and Buckles", which offered hand crafted belts and buckles. The Maida family is well known in Houston, Texas for its custom products.

## PLAINTIFF AND ITS DISTINCTIVE MAIDA'S MARK

7.      Maida's first adopted and used the MAIDA'S Mark as "Maida's Belts & Buckles" in 1990.  Maida's Belts and Buckles, Inc. was founded and formed in Texas on November 9, 1998. Born from a storied family history dating back to 1906, Maida's continued that family history in the Houston community in the business of hand crafting belts and buckles, one customer at a time, in Houston and the surrounding area, across the country, and even in foreign countries. Maida's prides itself in the care and craftsmanship it provides its customers by hand crafting its belts and buckles one at a time.

8.      At least as early as 1990, Maida's adopted and used the trademark MAIDA'S in association with its goods and services, including but not limited to, belts, buckles, money clips wallets, jewelry, knives, cuff links, handbags, purses, hats, clothing, and many other gifts and accessories.  Maida's is the owner of United States Trademark Registration No. 5,348,998, filed on December 21, 2016 and registered on December 5, 2017, based on a first use in commerce of 1990.  Maida's is also the owner of United States Trademark Registration No. 5,348,999, filed on December 21, 2016 and registered on December 5, 2017, based on a first use in commerce of 1990.

9.      Both federal registrations are for the following goods and/or services:

   Int. Class 14:   boxes of precious metal; cuff links; gemstone jewelry; jewelry; key chains as jewelry; slides for bolo ties;
   Int. Class 16:   money clips;
   Int. Class 18:   all-purpose carrying bags; handbags, purses and wallets; leather bags; leather holders for badges; leather key chains; leather and imitation leather;
   Int. Class 25:   belts; hat bands;
   Int. Class 26:   belt buckles; belt clips;
   Int. Class 35:   retail store services featuring leather goods, knives, clothing, clothing belts, belt buckles, cuff links, jewelry, bags, handbags, purses and wallets;

    Int. Class 40: custom manufacture of leather goods, clothing belts, belt buckles, cuff links, money clips, jewelry, bags, handbags, purses and wallets.

Both registrations are valid and subsisting. A true and correct copies of Maida's federal trademark registrations are attached hereto as Exhibits A and B.

10. Maida's has marketed itself and its MAIDA'S brand widely since it adopted the mark in 1990, via both traditional advertising methods and social media such as Facebook and Instagram, among others. In addition, Maida's owns and operates the Internet website located at <maidasbelts.com>. In addition to the strict attention to detail on the quality of the goods and services it provides under the MAIDA'S Mark, Maida's has also worked hard to create a distinctive and uniform look and feel to its MAIDA'S goods and services.

11. The MAIDA'S mark is distinctive, and Maida's has a protectable interest in the mark. By virtue of its long-time use of the distinctive MAIDA'S trademark (over thirty (30) years), Maida's has obtained strong common law trademark rights to the MAIDA'S mark pursuant to the laws of the State of Texas.

## DEFENDANT'S WRONGFUL ACTS

12. Defendant's principals have common ancestry to Maida's principals. They share the same history of the Maida family name, but *only* Plaintiff has continuously used its MAIDA'S Mark in association with their respective goods and/or services since 1990 (over thirty years). Over that same thirty year period, upon information and belief, Defendant's principal(s) have owned and/or operated numerous other entities, such as, The Black Jack Boot Company, Dye It, Maida & Torres, Maida's Steakhouse, Maida's Wholesale Shoe Repair, and Maida's Leather Product, Mfg., among others. Upon information and belief, all said entities and/or businesses are now defunct and have been for a long time.

13. Upon information and belief, in 2016, Defendant adopted the mark "Maida's Custom Footwear" and/or "Maida's" in association with bespoke boots and shoes. Defendant's adoption and use in 2016 is over twenty-five years after Maida's adopted and continuously used its MAIDA'S Mark. Defendant, as the junior user, has no rights to use MAIDA'S Mark in association with nearly identical and identical goods and/or services. Upon information and belief, Defendant now offers for sale and/or sells other products such as belts, wallets, purses, bags and other accessories. Upon information and belief, Defendant operates a "showroom" located at 3729 Westheimer Road, Houston, Texas 77027, which is less than three (3) miles from Maida's location.

14. Defendant is not affiliated with or sponsored by Maida's and has not been authorized by Maida's to use the MAIDA'S Mark or any confusingly similar marks in relation to their respective goods and/or services.

15. On December 30, 2021, Defendant filed a Petition for Cancellation of Maida's federal trademark registrations in the United States Patent and Trademark Office before the Trademark Trial and Appeal Board. The unregistered mark cited by Defendant as the basis for cancellation is a stylized/design "M" in association with the goods and/or services of "making and selling shoes and boots and related products and accessories." Through that cancellation proceeding, Defendant is asking the Trademark Trial and Appeal Board to cancel both of Maida's federal trademark registrations. By said Petition, Defendant admits that it uses an identical mark to Maida's and is offering identical and competing goods and/or services. Defendant is a junior use of an identical term as Maida's MAIDA'S Mark and is using the mark in connection with goods and/or services that are identical and/or closely related to Maida's. Maida's, through

5

counsel, will move to suspend that proceeding pending this federal trademark infringement and unfair competition action.

16. Defendant's use of the MAIDA'S mark in connection with related goods and/or services is likely to cause consumers and vendors to mistakenly believe that Defendant's physical location is operated by Maida's, or, at the very least, that the goods and/or services rendered by Defendant under the MAIDA'S mark are affiliated with or somehow associated with Maida's.

17. Upon information and belief, Plaintiff and Defendant target the same customers and operate their physical retail locations in the same geographical region, both on Westheimer in Houston, Texas.

18. Upon information and belief, one of Defendant's principals owns and/or operates the domain <maidas.com>.

19. Maida's has never authorized Defendant to use the MAIDA'S Mark.

## **EFFECT OF DEFENDANT'S WRONGFUL ACTS**

20. Defendant's unauthorized use of the MAIDA'S Mark is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection or association of Defendant with Maida's, or as to the origin, sponsorship, or approval of Defendant's products and services by Maida's.

21. Defendants' unauthorized use of the MAIDA'S Mark falsely designates the origin of its products and services, and falsely and misleadingly describes and represents facts with respect to Defendant's and its products and services.

22. Defendant's unauthorized use of the MAIDA'S Mark enables Defendant to trade on and receive the benefit of goodwill built up at great labor and expense by Maida's, and to gain

6

acceptance for its products and services not solely on its own merits, but on the reputation and goodwill of Maida's, its MAIDA'S Mark, and its goods and services.

23. Defendant's unauthorized use of the MAIDA'S Mark removes from Maida's the ability to control the nature and quality of products and services provided under the MAIDA'S Mark, and places the valuable reputation and goodwill of Maida's in the hands of Defendant, over whom Maida's has no control.

24. Unless these acts of Defendant is restrained by this Court, it will continue, and Defendant will continue to cause irreparable injury to Maida's and to the public for which there is no adequate remedy at law.

## **PLAINTIFF IS SUFFERING IRREPARABLE HARM**

25. Defendant has undertaken activities in connection with the promotion and rendering of services that are likely to cause consumer confusion as to the source or origin of their goods and/or services.

26. Defendant's use of the Maida mark in connection with the services described herein is likely to mislead consumers by giving the false impression that Plaintiff is associated with Defendant and their goods and/or services, when in fact Maida's is not.

27. The likelihood of confusion, mistake, and deception created by Defendant rendering of goods and/or services in connection with the Maida's mark, as well as the dilution of Plaintiff's Maida's mark by such goods and/or services, are causing irreparable harm to Plaintiff and the goodwill associated with Plaintiff's Maida's brand.

28. Upon information and belief, Defendant know, and at all relevant times should have known, that consumers are likely to believe that Defendant's goods and/or services rendered in

connection with the Maida's mark are authorized, sanctioned or licensed by Plaintiff, even though they are not.

29. Upon information and belief, Defendant undertook the actions described herein with the deliberate intent to create confusion as to the source, sponsorship and quality of Defendant's goods and/or services and to dilute the distinctiveness of Plaintiff's MAIDA'S mark.

30. Upon information and belief, Defendant undertook the actions described herein to mislead consumers into believing that Plaintiff has endorsed, sponsored or is somehow associated with Defendant's unauthorized goods and/or services.

31. Defendant's conduct described herein is intentional, willful and wanton.

32. Defendant's conduct has injured Plaintiff, and if not enjoined, will continue to injure Plaintiff.

33. Defendant's unlawful actions described herein commenced over twenty (20) years after Plaintiff began using the Maida's mark in connection with related goods and/or services.

34. Plaintiff will suffer irreparable harm to its business reputation and the goodwill associated with the Maida's mark and brand because it has no control over Defendant's goods and/or services.

35. Plaintiff will also suffer irreparable harm because Defendants' use of the MAIDA'S mark dilutes the distinctiveness of Plaintiff's Maida's mark.

36. Defendants' deceptive conduct is harming the public in addition to harming Plaintiff and the Maida's brand.

37. Unless restrained and enjoined by this Court, Defendant will continue to engage in the acts complained of and irreparably damage Maida's. Maida's remedy at law is not adequate to compensate it.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## OF REGISTERED MIADA'S MARKS
## UNDER 15 U.S.C. § 1114

38. Maida's repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Original Complaint as if fully stated herein.

39. Defendant's unauthorized use in commerce of the MAIDA'S mark as described herein is likely to cause confusion, mistake, or deception and constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

40. Maida's is the owner of United States Trademark Registration No. 5,348,998, filed December 21, 2016, registered December 5, 2017, for MAIDA'S (word mark), a printout of the registration is attached hereto as Exhibit A.

41. Maida's is also the owner of United States Trademark Registration No. 5,348,999, filed December 21, 2016, registered December 5, 2017, for MAIDA'S (stylized/design), a printout of the registration is attached hereto as Exhibit B.

42. The foregoing registrations are valid, subsisting, uncancelled, and unrevoked.

43. Defendant has used in commerce a reproduction, counterfeit, copy and/or colorable imitation of the Maida's mark in connection with the sale, offering for sale, distribution, or advertising of goods and services on or in connection with which such use, and uses by Defendant is likely to cause confusion or to cause mistake or to deceive as to the source or origin of Defendant's goods and/or services.

44. Defendant has infringed Maida's mark in interstate commerce by various acts, including, without limitation, the selling, offering for sale, promotion and advertising of goods and services under the name Maida's of a type similar to the goods and services offered by Maida's and displaying, advertising, and promoting services under the name Maida's.

45. Defendant's use of the name Maida's in connection with its goods and services is without the permission or authority of Maida's and said use is likely to cause confusion, to cause mistake, and/or to deceive.

46. Upon information and belief, Defendant's infringing activities have caused, and unless enjoined by this Court, will continue to cause irreparable injury and other damage to Maida's business, reputation, and goodwill in its federally registered Maida's trademarks. Maida's has no adequate remedy at law.

## COUNT II
## FALSE DESIGNATION OF ORIGIN
## UNDER 15 U.S.C. § 1125(a)

47. Maida's repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Original Complaint as if fully stated herein.

48. Plaintiff owns right, title and interest in the distinctive Maida's mark. Plaintiff has a protectable interest in the Maida's mark.

49. Plaintiff enjoys strong common law rights in and to the Maida's mark by virtue of its long and continuous use of the Maida's mark in U.S. commerce.

50. Plaintiff has expended substantial time, resources and effort to develop and obtain a strong reputation in the marketplace and goodwill in the MAIDA'S mark.

51. Defendant has used and continues to use a mark that is identical or substantially similar to Plaintiff's MAIDA'S mark in connection with goods and/or services that are identical and/or closely related to Plaintiff's goods and/or services.

52. Defendant's unlawful acts in appropriating rights in the MAIDA'S mark are and were intended to capitalize on Plaintiff's goodwill for Defendant's own pecuniary gain.

53. Defendant's unauthorized use of the Maida's mark has caused or is likely to cause confusion as to the source of Defendant's services to the detriment of Plaintiff.

54. Defendant's conduct as alleged herein, including its unauthorized use of the MAIDA'S Mark in connection with their services, constitutes false designation of origin as such conduct is likely to cause confusion or to deceive users and consumers as to the origin, sponsorship, affiliation, connection or association of Plaintiff with Defendant's goods and/or services.

55. Upon information and belief, Defendant is capitalizing on and profiting from the likely consumer confusion between their infringing goods and/or services rendered in connection with the MAIDA'S mark, on the one hand, and Plaintiff's goods and/or services rendered in connection with the Maida's mark, on the other hand.

56. Plaintiff does not now and has never sponsored or approved or authorized Defendants' use of the MAIDA'S mark.

57. Upon information and belief, Defendant's conduct is willful, deliberate, and done with the intent to unfairly commercially benefit from the goodwill associated with Plaintiff and Plaintiff's MAIDA'S mark.

58. The foregoing acts of Defendant constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

59. Defendant's unfair competition has caused and is causing great and irreparable harm and damage to Plaintiff, and unless permanently restrained and enjoined by the Court, such irreparable harm will continue. Plaintiff has no adequate remedy at law.

60. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has and will suffer irreparable damage to its MAIDA'S Mark, business reputation, and goodwill. Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendant, its respective

officers, agents, employees, and all persons acting in concert with Defendant, from engaging in further acts of infringement and unfair competition.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

61. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Original Complaint as if fully stated herein.

62. Plaintiff owns all right, title and interest in and to the MAIDA'S Mark. The MAIDA'S Mark is distinctive and Plaintiff has a protectable interest in the MAIDA'S Mark.

63. Plaintiff enjoys strong common law rights in the MAIDA'S Mark by virtue of its long and continuous use of the mark in U.S. commerce.

64. Plaintiff has extended substantial time, resources, and effort to develop and maintain a strong reputation in the marketplace and goodwill in the MAIDA'S Mark.

65. Defendant's acts complained of herein, which are in or affecting commerce, constitute common law trademark infringement and unfair competition.

66. By virtue of the acts complained of herein, Defendant has willfully and intentionally caused a likelihood of confusion among the purchasing public in this Judicial District and elsewhere, constituting common law trademark infringement and unfair competition.

67. Defendant's conduct has caused actual and irreparable injuries and damages to Plaintiff, its MAIDA'S Mark, its reputation, and its goodwill. Such irreparable injuries, for which Plaintiff has no adequate remedy at law, will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights.

68. Defendant's unlawful conduct complained of herein has been egregious, willful, unscrupulous, and in reckless and wanton disregard for Plaintiff's rights.

69. Accordingly, only an injunction from this Court can prevent Plaintiff's further irreparable harm at the hands of Defendant.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION

70. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Original Complaint as if fully stated herein.

71. The acts and wrongful conduct of Defendant, as set forth above in this Original Complaint, constitute unfair competition under Texas common law.

72. Defendant's conduct as alleged above has caused, and unless enjoined by this Court, will continue to cause irreparable injury and other damage to Plaintiff, its MAIDA'S Mark, its business, reputation, and goodwill. Plaintiff has no adequate remedy at law.

## COUNT V
## UNJUST ENRICHMENT

73. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Original Complaint as if fully stated herein.

74. The acts of Defendant complained of herein constitute unjust enrichment of Defendant at the expense of Maida's.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury of all issues so triable by right.

## PRAYER FOR RELIEF

Plaintiff requests that the Court enter judgment in its favor on each and every claim for relief set forth above, and award Plaintiff relief including, but not limited to, the following:

A. A preliminary and permanent injunction enjoining Defendant and its employees, agents, officers, directors, shareholders, subsidiaries, related companies, affiliates, distributors, suppliers, and all persons in active concert or participation with them from selling, advertising, promoting, and distributing any goods or services bearing the Maida's mark or any other mark that is confusingly similar to Plaintiff's MAIDA'S Mark;

B. An Order requiring Defendant to deliver up for destruction all materials in their possession, custody or control, or in the possession, custody or control of any of its agents or representatives, embodying or displaying the Maida's mark or any other mark that is confusingly similar to Plaintiff's MAIDA'S Mark or any confusingly similar variations thereof, including but not limited to signage, labels, catalogs, advertisements, pictures, promotional materials, and the like;

C. An Order requiring Defendant to account for and pay to Plaintiff all profits and unjust gains arising from its unlawful acts alleged herein, and trebling such profits in accordance with 17 U.S.C. § 1117, and any other applicable law;

D. An Order for Defendant to pay for corrective advertising;

E. An Order requiring Defendant to pay Plaintiff compensatory damages in an amount as yet undetermined caused by its unlawful acts alleged herein, and trebling such damages in accordance with 17 U.S.C. § 1117, and any other applicable law;

F. An Order requiring Defendant to pay Plaintiff statutory damages in an amount as yet undetermined caused by its unlawful acts alleged herein, and trebling such damages in accordance with 17 U.S.C. § 1117, and any other applicable law;

G. An Order requiring Defendant to pay Plaintiff's costs and attorneys' fees in this action pursuant to 17 U.S.C. §1117, and any other applicable law;

H.        pre-judgment interest and post-judgment interest; and

I.        For such other and further relief as the Court may deem appropriate.

Respectfully submitted,

**BEIK LAW FIRM, PLLC**

/s/Paul S. Beik
Paul S. Beik
S.D. Tex. ID No.: 642213
Texas Bar No. 24054444
8100 Washington Avenue, Suite 1000
Houston, Texas 77007
Tel: (713) 869-6975
Fax: (713) 868-2262
Email: paul@beiklaw.com

**ATTORNEY FOR PLAINTIFF**
**MAIDA'S BELTS AND**
**BUCKLES, INC.**