**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MAIDA'S BELTS AND BUCKLES, INC.,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | Civil Action No. 4:22-CV-00577 |
| | § | |
| **LASTING DESIGNS, LLC** | § | |
| **D/B/A MAIDA'S** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **Defendants.** | § | |

## <u>MEMORANDUM</u>

TO THE HONORABLE COURT:

Per the Court's request at the May 6, 2026 pretrial conference, Plaintiff submits its submission with it's answers to the requested question regarding secondary meaning.

**Issue Presented:**  Whether Two Parties May Each Acquire Secondary Meaning in the Same Surname for Different Goods? Stated differently, whether federal trademark law permits two separate parties using the same surname to each establish secondary meaning when the surname is used for different goods?

**Short Answer:**  Yes. Federal courts and the USPTO recognize that secondary meaning is context specific—tied to the goods, services, channels of trade, and consumer perception at issue. The Lanham Act does not require exclusivity across all markets. Thus, two unrelated parties may each acquire secondary meaning in the same surname so long as consumers associate the surname with that party's goods.

1

A.      **Legal Standard for Surnames and Secondary Meaning**

A surname is not inherently distinctive and is registrable only upon proof of acquired distinctiveness under 15 U.S.C. § 1052(f). The inquiry is whether "the primary significance of the term in the minds of the consuming public is not the surname but the source of the product." *In re Hutchinson Technology Inc.*, 852 F.2d 552, 554 (Fed. Cir. 1988).

The concept of secondary meaning recognizes that words with an ordinary and primary meaning of their own "may by long use with a particular product, come to be known by the public as specifically designating that product." *Volkswagenwerk Aktiengesellschaft v. Rickard*, 492 F.2d 474, 477 (5th Cir. 1974). In order to establish a secondary meaning for a term, a plaintiff "must show that the primary significance of the term in the minds of the consuming public is not the product but the producer." *Kellogg Co. v. National Biscuit Co.*, 305 U.S. 111, 118, 59 S. Ct. 109, 113, 83 L. Ed. 73 (1938). Secondary meaning is market specific, not universal.

B.      **"Substantially exclusive" Use Under §2(f) does not Require Exclusivity**

"'Substantially exclusive' use does not mean absolutely exclusive use." *L.D. Kichler Co. v. Davoil, Inc.*, 192 F.3d 1349, 1352 (Fed. Cir. 1999) ("The holding, therefore, improperly suggests that any use by others, including an infringing use derived from the originator of the mark, precludes an applicant's "substantially exclusive" use under section 2(f).")

The Federal Circuit expressly holds that secondary meaning is not global:  "Secondary meaning is determined in relation to the goods or services for which registration is sought." *In re Steelbuilding.com,* 415 F.3d 1293 (Fed. Cir. 2005). *See Test Masters Educ. Servs., Inc. v. Robin Singh Educ. Servs., Inc*., 428 F.3d 559 (5th Cir. 2005) (even if a mark has secondary meaning in one niche (engineering exam prep), it may lack secondary meaning in another (LSAT prep)).

Accordingly, two parties may each show that consumers associate the surname with their goods—even if the surname is shared. Each company can independently develop secondary meaning within its own market, because consumers of the parties respective goods can identify the respective goods coming from a different source. This is consistent with the Lanham Act's structure: acquired distinctiveness is always evaluated as applied to the applicant's goods. See *Zatarain's, Inc. v. Oak Grove Smokehouse, Inc*., 698 F.2d 786, 795–96 (5th Cir. 1983).

Dated:   May 8, 2026

Respectfully submitted,

BEIK LAW FIRM, PLLC

/s/Paul S. Beik

Paul S. Beik
Texas Bar No. 24054444
440 Louisiana Street, Suite 1800
Houston, Texas 77007
Tel: (713) 869-6975
Fax: (713) 583-9169
paul@beiklaw.com
www.beiklaw.com

**ATTORNEY FOR PLAINTIFF**
**MAIDA'S BELTS AND BUCKLES, INC.**

## CERTIFICATE OF SERVICE

Under the Federal Rules of Procedure, I certify that on May 8, 2026, a copy of the foregoing was served on all parties by the Court's ECF filing system.

/s/ Paul S. Beik
Paul S. Beik
